J. A34019/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUDE M. GAYDOS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN A. CARPENTER, ESQUIRE, | : | No. 251 MDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 2, 2014,
in the Court of Common Pleas of Northumberland County
Civil Division at No. CV-2005-00143

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

CONCURRING MEMORANDUM STATEMENT BY FORD ELLIOTT, P.J.E.:

**FILED MARCH 09, 2015**

I respectfully concur in the result reached by the Majority to quash this appeal, because I cannot join in the determination that the appeal is untimely as not taken from the denial of summary judgment on September 13, 2013.

Rather, no appeal time can begin to run from the September 14th order because it was never a final order and therefore cannot be the basis for an untimely appeal.  Rather, appellant appropriately filed a timely application for a determination of finality under Pa.R.A.P. 341(c).[1]  The trial

---

[1] Pa.R.A.P. 341(c) reads as follows:

> **(c)  Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim,

counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order. In addition, the following conditions shall apply:

(1) The trial court or other governmental unit is required to act on an application for a determination of finality under subdivision (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

(2) A notice of appeal may be filed within 30 days after entry of an order as amended unless a shorter time period is provided in Rule 903(c). Any denial of such an application shall be reviewable only for abuse of discretion pursuant to Chapter 15.

(3) Unless the trial court or other governmental unit acts on the application within 30 days of entry of the order, the trial court or other governmental unit shall no longer consider the application and it shall be deemed denied.

(4) The time for filing a petition for review will begin to run from the date of entry of the order denying the application for a determination of finality or, if the application is deemed denied, from the 31st day. A petition for review may be filed within 30 days of the entry of the order denying the application or within 30 days of the deemed denial unless a shorter time period is provided by Rule 1512(b).

court was then required to act on the application within 30 days of the September 13th order. If the trial court fails to act, then the application is deemed denied. In this case, the application was deemed denied on Monday, October 14, 2013. Appellant had 30 days from October 14th to file a Chapter 15 Petition for Review. It is on this basis that I would quash the appeal.

However, I agree with the Majority that no appeal lies from a denial of reconsideration of the trial court's order in this case or that the denial of summary judgment in this case meets the requirements of a collateral order.